# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MCMANUS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-328**<br>**C/W: 18-329, 18-330,**<br>**18-366**<br>**RE: ALL** |
| **ELLA NORWOOD ET AL.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court are Defendants Kazzaria Brumfield and George Bonnett's Motion to Dismiss (Doc. 14), Defendants Mike Rice, John Roberts, and Mark Ford's Motion to Dismiss (Doc. 24), and Defendants Ellamae Norwood, Dennis Thomas, and Charles McManus Jr.'s Motion to Dismiss (Doc. 26). For the following reasons, the Motions are GRANTED. The Court also reviews Plaintiff's claims against Lisa Polk and DISMISSES them for lack of jurisdiction.

## BACKGROUND

This consolidated action includes four cases filed on January 11, 2018 by Plaintiff Joseph McManus, *pro se*. Plaintiff filed case number 18-328, the lead

action, against Defendants Norwood, Thomas, and Charles McManus; case number 18-329 against Brumfield, Bonnett, and Justin Frechette;[1] case number 18-330 against Rice, Roberts, and Ford; and case number 18-336 against Lisa Polk. Plaintiff's complaints collectively allege the following: On May 6, 2015, Plaintiff's father, Defendant Charles McManus, sought an Order of Protective Custody ("OPC") for Plaintiff, claiming that Plaintiff threatened to harm him and others.[2] Defendant Rice investigated the OPC on behalf of the St. Tammany Parish Sheriff's Office. Defendant Roberts completed the Coroner's Emergency Certificate on behalf of the St. Tammany Parish Coroner's Office.[3] Plaintiff claims that the OPC was issued improperly because Rice and Roberts had no proof of any of the allegations made by Defendant Charles McManus regarding Plaintiff.[4] Plaintiff was taken into custody under the OPC.

Plaintiff further alleges that on January 12, 2017, Plaintiff's eviction from his father's home led to a violent domestic dispute between Plaintiff and his father.[5] The next day, Defendant Ford banned him from the Coroner's office after Plaintiff went there to make a complaint about his father threatening him.[6] Plaintiff also alleges that his father owes him money.[7] On January 2, 2018, Plaintiff attempted to learn the name of the officer who evicted him from his father's home, but Defendants Brumfield and Bonnett of the St. Tammany Parish Sheriff's Office allegedly refused to provide him with the officer's name.[8]

---

[1] Frechette was dismissed for lack of service. Doc. 35.
[2] R. Doc. 1, Case 18-330 at 1.
[3] R. Doc. 24-2 at 2.
[4] R. Doc. 1, Case 18-330 at 1.
[5] R. Doc. 14-1 at 2.
[6] R. Doc. 1, Case 18-330 at 1.
[7] R. Doc. 1 at 2.
[8] R. Doc. 1, Case 18-329 at 1.

Three groups of defendants have filed motions to dismiss now before the Court. Defendants Brumfeld and Bonnett move to dismiss Plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[9] Defendants Rice, Roberts, and Ford move to dismiss Plaintiff's claims against them pursuant to Rules 4(m), 12(b)(6), and 12(b)(1).[10] Defendants Norwood, Thomas, and Charles McManus, appearing *pro se*, move to dismiss Plaintiff's claims against them on the grounds that Plaintiff's complaint exceeds the statute of limitations.[11] The Court will discuss each motion in turn. The court also examines its jurisdiction over Plaintiff's claims against Defendant Polk *sua sponte*.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[12] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged.[13] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[14] The Court need not, however, accept as true legal conclusions couched as factual allegations.[15] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[16] If it is apparent from the face of the

---

[9] R. Doc. 14-1.
[10] R. Doc. 24-2.
[11] R. Doc. 26.
[12] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[13] *Id.*
[14] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[15] *Iqbal*, 556 U.S. 662 at 678.
[16] *Id.*

complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[17]

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[19] The proponent of federal court jurisdiction—in this case, Plaintiff—bears the burden of establishing subject matter jurisdiction.[20]

## LAW AND ANALYSIS

### I. Defendants Brumfield and Bonnett's Motion to Dismiss

Defendants Brumfield and Bonnett move to dismiss Plaintiff's claims against them on the grounds that this Court lacks subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief may be granted. Plaintiff's complaint against Defendants Brumfield and Bonnett makes three claims: first, that Plaintiff was taken into custody pursuant to an OPC without being shown a warrant; second, that Plaintiff was evicted from his father's home before the five-day period required under Louisiana law for residential evictions had expired; and third, that Defendants refused to provide Plaintiff with the name of the officer who evicted him.[21]

---

[17] *Lormand*, 565 F.3d 228 at 255–57.
[18] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[19] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[20] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[21] R. Doc. 1, Case 18-329.

4

Plaintiff's allegation that he was unreasonably seized pursuant to an OPC without being shown a warrant fails to state an actionable claim under Rule 12(b)(6). This Court interprets Plaintiff's allegations that he was seized without being shown a warrant as a Fourth Amendment claim. The Fourth Amendment prohibits seizures of a person that are unreasonable.[22] According to Louisiana Revised Statutes § 28:53:2, a person may be placed under an OPC when "a peace officer or other credible person executes a statement under private signature" specifying that the person is in need of immediate treatment.[23] The statute does not require that a warrant or other order be shown to the person being seized for treatment. Nor does the Fourth Amendment itself require officers to present a court order before carrying out a search or seizure.[24] Because the Louisiana statute provides "adequate safeguards to protect the constitutional rights of Plaintiff," the seizure of Plaintiff pursuant to the OPC, but without showing Plaintiff the OPC beforehand, was reasonable and did not violate the Fourth Amendment.[25] Plaintiff's claim for unlawful seizure therefore fails to state a claim under which relief may be granted and is dismissed.

Plaintiff's allegations that Defendants Brumfield and Bonnett failed to provide him with the name of the officer who evicted him from his father's home also fail to state an actionable claim under Rule 12(b)(6). Plaintiff argues that Defendants Brumfield and Bonnett, employees of the St. Tammany Parish Sheriff's Office, violated the Freedom of Information Act by withholding that information.[26] The Freedom of Information Act applies only to federal agencies,

---

[22] McLin v. Ard, 866 F.3d 682, 694 (5th Cir. 2017).
[23] LA. REV. STAT. § 28:53:2.
[24] *See* United States v. Grubbs, 547 U.S. 90, 99 (2006).
[25] *See* Doe v. Spurlock, No. 91-61, 1991 WL 175547, at *2 (E.D. La. Aug. 27, 1991), *aff'd*, 973 F.2d 923 (5th Cir. 1992).
[26] R. Doc. 1, Case 18-329 at 2.

5

not state or local entities.[27] Because Defendants Brumfield and Bonnett are not federal agencies or employees, the Freedom of Information Act does not provide Plaintiff a cause of action against them. Plaintiff also argues that Defendants' silence violated Plaintiff's rights under the First Amendment. However, the First Amendment does not mandate "a right of access to government information or sources of information within the government's control."[28] Accordingly, Plaintiff's claims regarding the name of his arresting officer fail to state a claim under which relief may be granted and are dismissed.

Finally, this Court lacks subject matter jurisdiction to hear Plaintiff's claim that he was evicted without adequate notice. Louisiana law requires a lessor to give written notice to a lessee at least five days before requiring the lessee to vacate the premises.[29] A claim for violating that requirement arises from state law, not from the "Constitution, laws, or treaties of the United States," and this Court therefore lacks federal question jurisdiction over it.[30] Nor does the Court have diversity jurisdiction, as Plaintiff's complaint does not allege, and the facts do not suggest, that Plaintiff and Defendants Brumfield and Bonnett are citizens of different states.[31] Furthermore, having dismissed Plaintiff's other claims against Defendants Brumfield and Bonnett, this Court lacks supplemental jurisdiction as well.[32] Accordingly, Plaintiff's claim for untimely eviction is dismissed.

---

[27] Wright v. Curry, 122 Fed. App'x 724, 725 (5th Cir. 2004) (unpublished).
[28] Houchins v. KQED, Inc., 438 U.S. 1, 1 (1978).
[29] LA. CODE CIV. P. art. 4701.
[30] 28 U.S.C. § 1331.
[31] *See* 28 U.S.C. § 1332.
[32] *See* 28 U.S.C. § 1367.

## II. Defendants Rice, Roberts, and Ford's Motion to Dismiss

Defendants Rice, Roberts, and Ford move to dismiss Plaintiff's claims against them pursuant to Rules 4(m), 12(b)(6), and 12(b)(1). Plaintiff makes three claims against Defendants Rice, Roberts, and Ford: first, that Plaintiff was detained under the May 6, 2015 OPC without proof of his need to be in custody; second, that Defendants Rice, Roberts, and Ford refused to produce records supporting or associated with that detention; and third, that Plaintiff was wrongfully banned from the coroner's office on January 2, 2017. Defendants Roberts and Ford first move to dismiss Plaintiff's complaint against them pursuant to Rule 4(m) because they were not served within 90 days of the filing of the complaint.[33] Because Defendants have now been served and suffered no prejudice, the Court declines to dismiss the complaint under Rule 4(m).[34]

Plaintiff's claim against Defendants Rice, Roberts, and Ford that there was no proof to support the OPC under which he was detained has prescribed. Plaintiff's claim that he was detained under the OPC without proof is a Fourth Amendment claim cognizable under 42 U.S.C. § 1983.[35] The statute of limitations to be applied in § 1983 actions is the state statute of limitations governing actions for personal injury.[36] In Louisiana, the prescriptive period for delictual actions is one year.[37] Plaintiff's Fourth Amendment claim arises from his detention on May 6, 2015, more than one year before he filed suit, and has therefore prescribed on its face. Plaintiff argues that his claim has not prescribed because he only recently become aware of the mental damage that he suffered from his detention. In § 1983 cases, prescription commences "when

---

[33] *See* FED. R. CIV. P. 4(m).
[34] *See* Thrasher v. City of Amarillo, 709 F.3d 509, 513 (5th Cir. 2013).
[35] 42 U.S.C. § 1983.
[36] Wilson v. Garcia, 471 U.S. 261, 267–80 (1985).
[37] LA. CIV. CODE art. 3492.

7

the plaintiff knows or has reason to know of the injury which is the basis of the action."[38] Here, Plaintiff immediately suffered a loss of freedom when he was detained under the OPC. Plaintiff also suspected that his rights had been violated, as he argues that he "told them it [was] a lie from day one."[39] Therefore the prescriptive period for Plaintiff's Fourth Amendment claim began to run on May 6, 2015. Plaintiff's Fourth Amendment claim against Defendants Rice, Roberts, and Ford is dismissed.

Plaintiff's remaining allegations against Defendants Rice, Roberts, and Ford—that they refused to provide him with the records supporting his detention under the OPC and that they banned him from the Coroner's office—fail to state claims that are actionable under this Court's jurisdiction. Plaintiff demands that Defendants be fired and that he be given his medical record, yet articulates no federal right or law that Defendants violated or that would provide such relief. Similarly, apart from the Fourth Amendment claim dismissed above, Plaintiff offers no legal basis under which Defendants Rice, Roberts, and Ford would be liable for damages. Accordingly, Plaintiff's claims against them are dismissed.

**III. Defendants Norwood, Thomas, and Charles McManus's Motion to Dismiss**

Defendants Norwood, Thomas, and Charles McManus move *pro se* to dismiss Plaintiff's claims against them on the ground that they have prescribed. Plaintiff makes three general demands against Defendants Norwood, Thomas, and Charles McManus: first, that Charles McManus's mental health be evaluated; second, for money that Plaintiff claims Defendants owe him based on past loans, lost and unpaid wages, expenses incurred for

---

[38] Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992) (quoting Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989)).
[39] *See* R. Doc. 29 at 1.

8

their benefit, and damage to Plaintiff's property; and third, for damages resulting from mental distress that Defendants caused Plaintiff.

Although Defendants Norwood, Thomas, and Charles McManus move to dismiss based on prescription, the Court first determines *sua sponte* whether it has subject matter jurisdiction over Plaintiff's claims.[40] Plaintiff does not allege that Plaintiff and Defendants Norwood, Thomas, and Charles McManus are citizens of different states. The facts suggests that all are citizens of Louisiana.[41] Therefore this Court does not have diversity jurisdiction. Nor does the Court have federal question jurisdiction. Plaintiff's demands for a mental health evaluation, for property damage and unjust enrichment against private citizens, and for the infliction of emotional distress are all state law claims, to the extent they are claims at all. Plaintiff points to no federal right or statute that Defendants Norwood, Thomas, and Charles McManus violated. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims against Norwood, Thomas, and Charles McManus. The claims are dismissed, and the Court does not reach Defendants' prescription argument.

IV. **Plaintiff's Claims Against Defendant Polk**

Although Defendant Polk has not filed responsive pleadings despite being served, this Court examines its jurisdiction over Plaintiff's claims against her *sua sponte*. A court is duty-bound to ensure that it has subject matter jurisdiction at all stages of a proceeding.[42] Plaintiff alleges that Defendant Polk is the justice of the peace who presided over a hearing and ordered that Plaintiff be evicted from his father's house.[43] Plaintiff claims that Defendant Polk's ruling was not supported by the evidence and that Polk

---

[40] *See* Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004).
[41] *See* R. Doc. 1; R. Doc. 26.
[42] *See* Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004).
[43] R. Doc. 1, Case 18-336 at 1.

labored under a conflict of interest because she has known Plaintiff's father for a long time. Plaintiff demands that Polk be fired and that he received damages for mental distress.

In essence, Plaintiff seeks review of a state court judgment, for which this Court lacks jurisdiction. The *Rooker-Feldman* Doctrine holds that federal courts lack the power to modify or reverse state court judgments.[44] Its bar is jurisdictional.[45] The doctrine extends not only to those cases in which a plaintiff candidly seeks review of a state court judgment, but also to those in which the "'claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief."[46] Here, although Plaintiff does not ask the Court to reverse the order of eviction, Plaintiff seeks damages premised on the order's invalidity.[47] Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Polk. Plaintiff's claims are dismissed.

## CONCLUSION

For the forgoing reasons, Defendants' motions to dismiss are GRANTED. Plaintiff's claims in all consolidated cases are DISMISSED.

New Orleans, Louisiana this 10th day of August, 2018.

_____
JANE TRICHE MILAZZO
**UNITED STATES DISTRICT JUDGE**

---

[44] Truong v. Bank of Am., N.A., 717 F.3d 377, 381–83 (5th Cir. 2013).
[45] *Id.* at 381.
[46] Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983)).
[47] *See* Price v. Porter, 351 F. App'x 925, 926 (5th Cir. 2009); Minor v. Texas, 62 F.3d 395, 1995 WL 450201 (5th Cir. 1995).